**Brett Anthony PELCH, Petitioner–Appellant,**

**v.**

**Michael YARBOROUGH, Respondent–Appellee.**

No. 06–56050.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2009.

Filed May 21, 2009.

608

Kenneth M. Stern, Esq., Law Offices of Kenneth M. Stern, Woodland Hills, CA, for Petitioner–Appellant.

Brett Anthony Pelch, Folsom, CA, pro se.

Gary A. Lieberman, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: RYMER, KLEINFELD and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Brett Anthony Pelch appeals the denial of his habeas petition and dismissal with prejudice. We affirm.

■ The performance of Pelch's trial counsel was not deficient. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There was a low probability that a motion to suppress would succeed, because the state trial court was unlikely to find that the pretrial publicity created a "very substantial likelihood" of misidentification. *Neil v. Biggers,* 409 U.S. 188, 198–99, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The evidence against Pelch was so overwhelming that Pelch was not prejudiced, even if there had been any inadequacy in trial counsel's not moving to suppress the identifications. *Strickland,* 466 U.S. at 691, 694, 104 S.Ct. 2052. Trial counsel would not have rendered ineffective assistance even if there would have been "nothing to lose" from making such a motion. *Knowles v. Mirzayance,* 556 U.S. ——, 129 S.Ct. 1411, 1419–22, 173 L.Ed.2d 251 (2009).

■ The performance of Pelch's appellate counsel was neither deficient nor prejudicial under *Strickland. See Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). It was reasonable for appellate counsel not to argue that trial counsel was ineffective for failing to seek exclusion of the identification evidence. As explained above, trial counsel was not deficient in this respect, so this claim would not have provided grounds for reversal. Appellate counsel could reasonably conclude that raising this argument might do more harm than good by detracting from other arguments. *Jones v. Barnes,* 463 U.S. 745, 752–54, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.